UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HUI ZHANG ALTMAN,                                   :
                                                    :
          Plaintiffs,                              :
                                                    :      06 CV 6319 (HB)
  - against -                                      :
                                                    :      __OPINION & ORDER__
NEW YORK CITY DEPARTMENT OF                         :
EDUCATION, MS. LYNCH, MR. KRUNG,                    :
MS. IROBUNDA and MR. CHERNIOFF,                     :
                                                    :
          Defendants.                              :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**[1]

      Plaintiff *pro se* Hui Zhang Altman ("Plaintiff" or "Altman") has brought this action against Defendant New York City Board of Education ("BOE") (sued herein and doing business as the "New York City Department of Education") and four individual defendants, David Kroun,[2] Claralee Irobunda, Steven Chernigoff,[3] and Olivia Ifill-Lynch[4] (collectively, the "individual Defendants"). Plaintiff alleges that she was discriminated against on the basis of her national origin and age, in violation of Title VII, see 42 U.S.C. §§ 2000e - 2000e-17 (2007), and the Age Discrimination in Employment Act ("ADEA"), see 29 U.S.C. §§ 621 – 634 (2007).

      The individual Defendants now move, pursuant to Fed. R. Civ. P. 12(c), for partial judgment on the pleadings dismissing all claims against them individually. Additionally, several discovery disputes are before the Court (most prominently, Plaintiff's motion to compel the deposition of Ms. Ifill-Lynch and Joel Klein, Chancellor of the New York City Department of Education).

---

[1] The Court wishes to thank Shaun Pappas of Cardozo Law School for his assistance in preparing and researching this Opinion.

[2] "David Kroun" is the correct spelling of the putative Defendant sued as "Mr. Krung."

[3] "Steven Chernigoff" is the correct spelling of the putative Defendant sued as "Mr. Chernioff."

[4] Ms. Ifill-Lynch has relocated to California and is no longer employed by the BOE. Consequently, she is not represented by counsel and was not properly served with the Summons and Complaint. However, Defendants ask this Court to dismiss the claims against her *sua sponte*, for the same reasons that apply to the other individual Defendants.

For the reasons set forth below, the individual Defendants' motion for partial judgment on the pleadings is GRANTED. I will address pending discovery disputes at the conclusion of this Opinion.

## I. BACKGROUND

Plaintiff *pro se* Altman, according to her Complaint, was formerly employed by Defendant BOE as an ESL teacher in the New York City public school system. See 1/12/2007 Def's Mem. in Supp. of Mot. for Partial Judgment on the Pleadings. ("Def's Mem.") at 1; 7/11/2006 Plaintiff's Complaint ("Pl. Compl.") at 6. Plaintiff alleges that on August 20, 2004, she was fired on the basis of her Chinese national origin and her age. See Pl. Compl. at 6.

Plaintiff subsequently brought this action, on July 11, 2006, against the BOE and the four individual Defendants pursuant to Title VII, 42 U.S.C. §§ 2000e *et. seq.*, and the ADEA, 29 U.S.C. § § 621 - 634. Pl. Compl. at 1-2.[5] The individual Defendants now move, pursuant to Fed. R. Civ. P. 12(c), to dismiss Plaintiff's claims against them in their individual capacities.

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(c), judgment on the pleadings is appropriate where material facts are undisputed and the moving party is entitled to judgment as a matter of law. See, e.g., Quinones v. Chater, 1996 U.S. Dist. LEXIS 980, at *3 (S.D.N.Y. 1996) (Baer, J.); United States v. Weisz, 914 F. Supp. 1050, 1053 (S.D.N.Y. 1996). "The same standards apply to a Rule 12(c) motion for judgment on the pleadings and to a Rule 12(b)(6) motion to dismiss for failure to state a claim." Cowan v. Ernest Codelia, P.C., 149 F. Supp. 2d 67, 69 (S.D.N.Y. 2001), citing Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). "The court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-movant. The court should not dismiss the complaint unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Quinones v. Chater, 1996 U.S. Dist. LEXIS 980, at *3 (internal citations omitted), citing, e.g., Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).

---

[5] According to Defendants, Plaintiff filed a complaint with the New York State Division of Human Rights ("DHR") on or about December 15, 2005. DHR found no probable cause and dismissed Plaintiff's complaint. Def's Mem. at 3.
According to Plaintiff, Plaintiff also filed a charge with the Equal Employment Opportunity Commission ("EEOC") in December 2005. Pl. Compl. at 4. According to Defendants, the EEOC issued a right-to-sue letter on or about June 7, 2006. Def's Mem. at 3. Plaintiff does not generally challenge this sequence of events.

### III.     DISCUSSION

   A.  Title VII and ADEA Claims

The individual Defendants contend that neither Title VII, nor the ADEA, authorizes discrimination suits against employees in their individual capacities.  They are correct.

"[I]ndividuals are not subject to liability under Title VII."  Carmody v. City of New York, 2006 U.S. Dist. LEXIS 83207, at *21 (S.D.N.Y. 2006) (Baer, J.), citing Wrighten v. Glowski, 232 F3d 119, 120 (2d Cir. 2000); Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995).  Plaintiff counters, "If they are not subject to liability under Title VII, who will be?" 1/25/07 Plaintiff's Memorandum of Law Against Defendants' Motion for Partial Judgment on the Pleadings ("Pl. Opp."), at 1.  The answer (potentially) is the Defendants in their official capacities, and ultimately, the employer-entity – here, BOE.  See Tomka v. Seiler Corp., 66 F.3d 1295, 1314-16 (discussing Congress' intent to limit Title VII liability to employer-entities).  Put another way, there is no prohibition on Plaintiff's ability to subjourn these individuals to prove her case – this means only that should Plaintiff prevail, the BOE will pay the bill.

Additionally, "the prevailing view among district courts in this Circuit is that an individual defendant may not be held personally liable under the ADEA."  McCalman v. Partners In Care, 2002 U.S. Dist. LEXIS 17704, at *5 (S.D.N.Y. 2002) (dismissing ADEA claims against individual defendants), citing, e.g., Grasso v. Forrest Edward Empl. Servs., 2002 U.S. Dist. LEXIS 8598, at *20-21 (S.D.N.Y 2002) (same); see also Boise v. Boufford, 127 F. Supp. 2d 467, 472 (S.D.N.Y. 2001) (applying Tomka Court's reasoning to ADEA claims), citing Tomka v. Seiler Corp., 66 F.3d 1295, 1313-17.

Because individuals are not subject to liability under Title VII, nor the ADEA, the individual Defendants' motion to dismiss Plaintiff's Title VII and ADEA claims against them in their individual capacities is GRANTED.

   B.  Discovery Disputes

Plaintiff has moved to compel the deposition of Defendant Ifill-Lynch and Joel Klein, Chancellor of the New York City Department of Education.

Defendants aver, and Plaintiff does not contest, that Plaintiff received four negative observation reports in the spring of 2004 from Defendant Assistant Principal Steven Chernigoff, Defendant Principal Claralee Irobunda, and Defendant David Kroun, the superintendent's

3

representative. Based on these reports, Defendant Ifill-Lynch, the Local Instructional Superintendent, informed Plaintiff by letter on June 17, 2004 that Plaintiff's certificate of completion of probation would be denied and Plaintiff would receive an unsatisfactory rating for the 2003-04 school year. Defendants' counsel now avers that Ifill-Lynch no longer works for the Department of Education, has relocated to California, and has not been served with the summons and complaint.

Because Ms. Ifill-Lynch's decision to give Plaintiff an unsatisfactory rating appears to bear directly on Plaintiff's discrimination claim, the Corporation Counsel shall a) effect service upon Ms. Ifill-Lynch of the summons and complaint within 7 days of the date of this Order, and b) arrange for Ms. Ifill-Lynch's deposition over the telephone, transcribed by a reporter, within 30 days of the date of this Order.

Additionally, the Corporation Counsel shall provide transcripts of all previously-taken depositions in this case to Plaintiff within four days of the date of this Order. Upon Ms. Ifill-Lynch's deposition, the Corporation Counsel shall provide a transcript to Plaintiff within four days of the Corporation Counsel's receipt of the transcript.

Because Joel Klein does not appear to have been directly involved in the termination of Plaintiff's employment, Plaintiff's motion to depose him is denied. See Marisol A. v. Giuliani, 1998 U.S. Dist. LEXIS 3719, at *7 (S.D.N.Y. 1998) (allowing deposition of high-ranking governmental official only upon showing that "(1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties.")

### IV.   CONCLUSION

For the foregoing reasons, the individual Defendants' motion for partial judgment on the pleadings is GRANTED in its entirety. Discovery disputes are hereby resolved in accordance with this Opinion.

The Clerk of the Court is directed to close these motions and remove them from my docket.

**SO ORDERED.**
March 23, 2007
New York, New York

U.S.D.J.

4